```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION
                      AT COVINGTON
```

CIVIL ACTION NO. 2:2016-cv-128(WOB-CJS)

JOSEPH FELTHA                                        PLAINTIFF

VS.              MEMORANDUM OPINION AND ORDER

CITY OF NEWPORT
CITY OF HIGHLAND HEIGHTS
CAMPBELL COUNTY, KY.                                 DEFENDANTS
BRADY BUEMI
BILL BIRKENHAUER
DAVE FORNASH

This is a 42 U.S.C. § 1983 civil rights case that presents the narrow question of whether the statute of limitations for such claims is tolled when a litigant receives an adverse judgment from a state criminal court. After brief discovery on that question, Defendants jointly filed a Motion for Summary Judgment (Doc. 19). Having heard from the parties at oral argument, the Court now issues this Memorandum Opinion and Order.

**I. Factual and Procedural Background**

This case arises out of Plaintiff's arrest and prosecution in Campbell County, Kentucky. The Kentucky Court of Appeals summarized the facts as such:

> Two officers on the Campbell County Drug Task Force (DTF) arranged a controlled drug buy to be executed on September 24, 2013. Detective Brady Buemi was acting as backup for the controlled

1

buy. After arranging it with a confidential informant (CI), Detective Ryan Marcus and Officer Christopher Vance sat in a car and listened to the recorded conversation of the CI and "J." Following the buy, Detective Marcus met with the CI who gave the purchased substances to Officer Vance. Detective Marcus testified at the suppression hearing before the trial court that the connection was made that "J", who had sold drugs to the CI, was . . . Joseph Feltha. The second controlled buy was on October 16, 2013. Detective Buemi and Detective Bill Birkenhauer were involved in this buy. The same CI was also involved. The CI gave the detectives makeup instead of drugs. She said that she ingested the drugs.

On December 12, 2013, the Campbell County Grand Jury indicted Feltha for two counts of Trafficking in the First Degree, Controlled Substance, Cocaine, on October 21, 2013; Trafficking in the First Degree, Controlled Substance, Cocaine, on September 24, 2013; and Possession of Marijuana on September 30, 2013. On May 1, 2014, Feltha was also indicted for being a First-Degree Persistent Felony Offender. The Trafficking charges were later amended to Trafficking in a simulated substance.

Feltha filed two motions to suppress evidence with the trial court. The first was for his arrest and the second for the search of his residence. On February 19, 2014, the trial court allowed Feltha to file a third motion to suppress wherein he asserted that the search warrant was defective.

On February 24, 2014, the trial court held a suppression hearing and, thereafter, requested additional briefing from counsel on the issue of the doctrine of inevitable discovery. [In an order that became final on July 17, 2014,] [t]he trial court . . . overruled all of Feltha's motions finding that the evidence would have been inevitably discovered. Feltha then entered a conditional guilty plea to all of the counts against him. He reserved the right to appeal the denial of his suppression motion. Feltha was sentenced to a combined twelve years on the charges.

*Feltha v. Cmmw.*, 2014-CA-001308-MR, 2016 WL 837195, at *1 (Ky. App. Mar. 4, 2016).

The Kentucky Court of Appeals then reversed the Campbell County Circuit Court's denial of the Motion to Suppress, finding that there were "no objectively reasonable facts from which the officers had probable cause for Feltha's arrest" and that the search of Feltha's residence violated the Fourth Amendment. *Id.* at *3. The Kentucky Court of Appeals opinion became final on April 4, 2016. (Stipulations, Doc. 18, PageID# 104).

Feltha was released from state prison on April 28, 2016. (*Id.*). He filed this suit on July 7, 2016. (Complaint, Doc. 1, PageID# 1).

**II. Analysis**

Plaintiff claims the arresting officers violated the Fourth, Fifth, and Fourteenth Amendments by illegally searching his apartment and illegally arresting him. (Complaint, Doc. 1, PageID# 3). He also brings state law claims for false imprisonment, negligence, and illegal search. (*See generally* Complaint, Doc. 1).

At this juncture, Defendants do not challenge the merits of those claims. Instead, Defendants have jointly filed a Motion to Dismiss, arguing that all of Plaintiff's claims were time-barred when Plaintiff filed this case on July 7, 2016. This

3

Court will address the § 1983 and state law claims separately and in turn.

**A. Plaintiff's § 1983 claims are dilatory.**

**1. The Kentucky one-year statute of limitations applies to Plaintiff's § 1983 claims.**

"Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). For cases that arise from events in Kentucky, like this case, "[i]t is well-settled that [they will be] governed by Kentucky's personal injury statute of limitations." *Kennedy v. City of Villa Hills*, 07-cv-122-DLB, 2008 WL 650341, at *3 n.9 (E.D. Ky. Mar. 6, 2008)(citing KY. REV. STAT. ANN. § 413.140(1)(a); *see also Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990); *Dixon v. Clem,* 492 F.3d 665, 671 (6th Cir. 2007)).

The relevant Kentucky statute of limitations for a case of this nature is one year. KY. REV. STAT. ANN. § 413.140. Therefore, Plaintiff had to bring his case within one year after the statute of limitations began to run.

**2. Federal law dictates that the statute of limitations began to run for the illegal search claim when Plaintiff's residence was searched, and for the false arrest and imprisonment claims when Plaintiff was indicted.**

"[F]ederal law determines when the statute of limitations

4

begins to run on a § 1983 claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)(citing *Wallace v. Kato,* 549 U.S. 384, 388 (2007)). Generally, the statute begins to run when Plaintiff "has a complete and present cause of action." *Wallace*, 549 U.S. at 388.

Taking the false arrest and false imprisonment claims first, those claims became ripe on December 12, 2013, when Plaintiff was indicted. For the purposes of identifying when the claims accrue, federal courts treat false arrest and false imprisonment as one in the same because they "overlap." *Wallace*, 549 U.S. at 388-89. These claims accrue when the Plaintiff is allegedly wrongfully arrested and subjected to involuntary detention. *Id*. at 388. The parties here agree that, at the latest, this occurred on December 12, 2013, when Plaintiff was indicted in Campbell County. (Def. Mot. Sum. Judg., Doc. 19, PageID# 112; Pl. Resp., Doc. 20, PageID# 124 (citing *Jones v. Clark County*, CV 15-cv-337-DCR, 2016 WL 4146119, at *5 (E.D. Ky. Aug. 3, 2016))). Other federal courts have similarly found indictment to be the proper date for the accrual of a false arrest and imprisonment claim. *See Sappington v. Tennessee*, 2016 WL 4386071 (W.D. Tenn. Aug. 17, 2016); *Isabell v. Smith*, 2016 WL 4275833 (W.D. Tenn. Aug. 12, 2016); *Jones v. Clark Cnty.*, 2016 WL 4146119 (E.D. Ky. Aug. 3, 2016); *Donerson v. Fox*, 2016 WL 4098555 (W.D. Tenn. July 28, 2016).

5

Therefore, this Court finds that the one-year statute of limitations for Plaintiff's false imprisonment and false arrest claims began to run on December 12, 2013, when he was indicted.

Turning to Plaintiff's illegal search claim, it became ripe on October 21, 2013, when police searched Plaintiff's residence without a warrant. Federal courts have found that illegal search claims become ripe at the time of the search. *See, e.g.*, *Hornback v. Lexington-Fayette Urb. County Govt.*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012), *aff'd,* 543 F. App'x. 499 (6th Cir. 2013)(holding "Plaintiff had complete knowledge of the unlawful search and seizure of his bedroom on the day of the search"). Consequently, both sides in this case agree the illegal search claim became ripe on October 21, 2013. (Def. Mot. Sum. Judg., Doc. 19, PageID# 116; Pl. Resp., Doc. 20, PageID# 124).

3. **Plaintiff is not entitled to tolling under *Heck v. Humphrey* or collateral estoppel, and he does not meet the requirements of the Kentucky equitable tolling doctrine.**

   a. **Equitable tolling is an extraordinary remedy, and is extremely rare in § 1983 cases.**

Because the accrual dates of Plaintiff's claims are both in 2013, and given that Plaintiff did not file this case until July 7, 2016, Plaintiff relies on equitable tolling to delay the expiration of his limitations period.

The Supreme Court has held that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-

6

all for an entirely common state of affairs." *Wallace*, 549 U.S. at 396. The doctrine only applies in an "unusual case," *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 773 (E.D. Mich. 2007), or "extraordinary circumstances." *Menominee Indian Tribe of Wisconsin v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755 (2016). In this district, "equitable tolling is 'sparingly' bestowed, and has generally been reserved for compelling circumstances beyond a litigant's control." *Nicely v. Pliva, Inc.*, 181 F. Supp. 3d 451, 456 (E.D. Ky. 2016)(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

Approximately a decade ago, prior to the Supreme Court's decision in *Wallace v. Kato*, a Plaintiff like Feltha likely would have argued that his § 1983 case should have been equitably tolled, with the statute of limitations only beginning when the Kentucky Court of Appeals reversed his conviction. The Sixth Circuit supported this theory, believing that *Heck v. Humphrey* required that tolling. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). But *Wallace* overturned that precedent, and clarified that the statute of limitations begins when the litigant "has a complete and present cause of action." *Wallace*, 549 U.S. at 388.

In ensuing years, federal courts have severely restricted

7

equitable tolling in § 1983 cases, only finding tolling in "unusual" cases with potentially unjust results in the immediate months after *Wallace*. *See Kucharski*, 526 F. Supp. 2d at 775; *see also Kennedy* 2008 WL 650341 at *8 (declining to "unilaterally punish [Plaintiff] for circumstances not of his own making"); *Garza v. Burnett*, 547 Fed. App'x. 908, 909 (10th Cir. 2013)(allowing equitable tolling on similar facts). This case does not present such exceptions, and, as mentioned above, *Wallace* requires this Court to commence the one-year statute of limitations on the dates of the search and indictment.[1]

> **b. Plaintiff's argument that this Court would have been required to dismiss his § 1983 case based on collateral estoppel is without legal or practical foundation.**

With *Heck v. Humphrey* tolling no longer available, Plaintiff brings the novel argument that the doctrine of collateral estoppel tolled his statute of limitations from July 17, 2014—when the Campbell County Circuit Court denied his Motion to Suppress—until April 4, 2016, when the Kentucky Court

---

[1] The Court acknowledges that *Wallace v. Kato* leads to unusual practical results, such as a Plaintiff like Feltha having to file his § 1983 claim within the state law statute of limitations period, even if he is still subject to an adverse ruling in a state criminal court. Some scholars have criticized *Wallace* for this result, and urged the use of equitable tolling. *See* Rebecca Garibotto, Comment, *Section 1983 Claim Accrual Under* Wallace v. Kato *and the Need for Equitable Tolling*, 42 Seton Hall L. Rev. 1261 (2012). Yet, without commenting on that policy discussion, this Court finds no legal basis for declining to follow *Wallace*.

8

of Appeals' decision became final.[2] This argument runs into two obstacles.

First, Plaintiff's collateral estoppel argument fails because Plaintiff does not cite to any case in which a federal district court dismissed a § 1983 case based on a state criminal trial court judgment while the state criminal case was on appeal. Instead, Plaintiff cites to three cases repeating the established principle that if a litigant loses his state court criminal trial and all subsequent appeals based on an adverse determination on probable cause, the federal court will apply that ruling to dismiss a § 1983 suit on the same issue. (Pl. Resp., Doc. 20, PageID# 125 (citing *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997); *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997); *Allen v. McCurry*. 449 U.S. 90 (1980)).[3] This

---

[2] In Kentucky, collateral estoppel applies when (1) at least one party to be bound in the second case was a party in the first case; (2) the issue in the second case is the same as the issue in the first case; (3) the issue was actually litigated; (4) the issue was actually decided in that action; and (5) the decision on the issue in the prior action was necessary to the court's judgment. *Miller v. Admin. Off. of Courts*, 361 S.W.3d 867, 872 (Ky. 2011).

[3] In *Donovan* the Sixth Circuit found collateral estoppel to be appropriate, but only because the Plaintiff "was given a full and fair opportunity to litigate the validity of his arrest during the hearing on the motion to suppress and could have appealed his conviction," but chose not to. *Donovan*, 105 F.3d at 298. The same practical result would have occurred in the instant case if Feltha had not appealed his Campbell County Circuit Court ruling, and subsequently filed this § 1983 case. This Court would have dismissed the case under either collateral estoppel or, more likely, *Heck*.
In *Allen*, a litigant lost both his state criminal trial and the subsequent appeal when evidence was admitted over his objection. He then filed a § 1983 action against the arresting officers. The Supreme Court found the federal district court properly granted

9

is the same practical result as the portion of the *Heck v. Humphrey* doctrine that survived *Wallace*. That portion of *Heck* held that:

> [A] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486–87.

Therefore, this Court finds no legal foundation for Plaintiff's contention that if he had filed his § 1983 case at any time after July 17, 2014—when the Campbell County Circuit Court denied his Motion to Suppress—and the one-year anniversary of his arrest or indictment, this Court would have been required to dismiss the case based on collateral estoppel.

Instead, this Court likely would have recognized that the § 1983 case was filed in a timely fashion, but stayed the case

---

summary judgment for the defendants based on collateral estoppel. *Allen*, 449 U.S. at 105. Similar to *Donovan*, *Allen* displays the result of the instant case if Feltha had lost in the Kentucky Court of Appeals and filed his § 1983 case within the statute of limitations. In *Stemler*, two litigants filed state civil actions before their § 1983 claims. The state trial court determined there was probable cause to arrest one of them. *Stemler*, 126 F. 3d at 871. The Sixth Circuit found that a state criminal court finding of probable cause would have foreclosed a § 1983 claim for false arrest and imprisonment. *Id*. Though the Sixth Circuit initially noted that the application of collateral estoppel might be appropriate at a stage like what Plaintiff argues in the instant case, *id*., it later agreed with this Court's prior decision that using collateral estoppel to dismiss a case would be premature if an appeal was still pending in state court. *See Stemler v. Florence*, 350 F.3d 578, 584 (6th Cir. 2003).

10

pending the final resolution of the state court proceedings. This Court has routinely done so in other cases. *See, e.g., Baker v. Paolucci*, 14-cv-91 WOB-CJS (E.D.Ky.). The Supreme Court has endorsed this kind of abstention. *Wallace*, 549 U.S. at 393-94 ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *Heck*, 512 U.S. at 486-87. And it is common practice for district courts to "stay the civil action against the [state actors] until the criminal case has ended," *Lewis v. McKay*, 1:13-CV-10384, 2013 WL 2424933, at *3 (E.D. Mich. June 4, 2013),[4] though a rare few have denied these motions to stay.[5]

Given this background, Plaintiff is incorrect in contending that collateral estoppel would have required this Court to dismiss his action if he had filed it after the Campbell County Circuit Court denied his Motion to Suppress and before 365 days had passed from when the statute of limitations period

---

[4] *See also Arnett v. City of Louisville*, 3:15CV-P146-DJH, 2016 WL 3546404, at *1 (W.D. Ky. June 23, 2016)(noting the Court had earlier stayed the § 1983 case because criminal charges were still pending); *Jenkins v. Moyer*, 1:08-CV-445, 2008 WL 4534018, at *1 (S.D. Ohio Oct. 9, 2008)(referencing an earlier order to show cause why the case should not be stayed pending resolution of the state criminal case); *Whitley v. Allegheny County*, 2010 WL 892207 at *26 (W.D. Pa. Mar. 9, 2010).

[5] *E.g., Newell v. County of Wayne*, 12-CV-14928, 2013 WL 4613613, at *2 (E.D. Mich. Aug. 29, 2013)(denying motion to stay because no criminal case yet existed); *Cress v. City of Ventnor*, 2009 WL 750193 (D.N.J. Mar. 18, 2009)(relying on discretion to deny motion to stay).

11

commenced.

### c. Plaintiff does not meet either prong of Kentucky's equitable tolling test.

Without either the *Heck v. Humphrey* doctrine or collateral estoppel to toll the one-year statute of limitations, Plaintiff is left to rely on ordinary common law equitable tolling doctrines. In a § 1983 case like this, "just as limitations periods are taken from state law, so are the rules regarding equitable tolling." *Kucharski*, 526 F. Supp. 2d at 771 (citing *Wallace*, 549 U.S. at 394; *Hardin v. Straub,* 490 U.S. 536, 539 (1989); *DeSoto,* 489 F.3d at 233). Throughout the federal system, the use of state tolling law in § 1983 cases is widely accepted. *See Garza v. Burnett*, 547 Fed. App'x. 908, 909 (10th Cir. 2013)(certifying a question to the Utah Supreme Court to determine whether a claim could be equitably tolled under that state's law). Therefore, this Court will apply Kentucky equitable tolling law to this case.

Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some factor beyond the litigant's control prevents him from meeting the statute of limitations. *See Hill v. State Farm Ins. Co.*, 390 S.W.3d 153, 157 (Ky. App. 2012).

There is no showing in this case that Plaintiff made a

12

diligent effort to meet the statute of limitations. He does not provide any rationale for his failure to file within the one-year period, other than possibly his mistaken belief that this Court would have dismissed his § 1983 suit based on collateral estoppel.

Even assuming *arguendo* that Plaintiff met the first prong of the test, he cannot meet the second prong. There are only four situations in which Kentucky courts have recognized an extraordinary situation beyond a litigant's control sufficient to satisfy the second prong of the equitable tolling test. The first is the prison mail rule. *E.g.*, *Moorman v. Cmmw.*, 484 S.W.3d 751, 754 (Ky. App. 2016). Second is a corporation wishing to sue its board, but prevented from doing so because the wrongdoers still control the company. *Wilson v. Paine*, 288 S.W.3d 284, 287 (Ky. 2009). Third is when the litigant files his suit within the limitations period, but a government employee waits until a dilatory date to officially file the document. *E.g., Nanny v. Smith*, 260 S.W.3d 815, 818 (Ky. 2008); *PBI Bank, Inc. v. Schnabel Found. Co.*, 392 S.W.3d 421, 424 (Ky. App. 2013). And fourth is when the litigant files within the proper period for leave to amend his complaint, but the court does not grant the motion until after the expiration of the period of limitations. *Hill v. State Farm Ins. Co.*, 390 S.W.3d 153, 157 (Ky. App. 2012).

None of those four situations are implicated here. Plaintiff is unable to point to any "circumstances beyond [his] control" that prevented him from filing his § 1983 case in a timely manner. *Nanny*, 260 S.W.3d at 817.

Since Kentucky equitable tolling law applies in this case, and because Plaintiff is unable to meet the Kentucky standard for equitable tolling, this Court will not apply equitable tolling on Plaintiff's § 1983 claims. Counts 1, 2, and 4 of Plaintiff's Complaint are therefore dilatory, and this Court grants summary judgment on those Counts.

**B. Plaintiff's state law claims will be dismissed without prejudice.**

Having held that no federal laws have been violated, the Court will dismiss the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) since they all involve issues of local government.

Therefore, having heard oral argument and reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that (1) Defendants' Joint Motion for Summary Judgment (Doc. 19) is **GRANTED;** (2) Counts 3, 5, 6 of the Complaint are **dismissed without prejudice**; and (3) a separate judgment shall enter concurrently herewith.

14

This 13th day of February, 2017.

